# EXHIBIT 6



**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**

A LAW CORPORATION

601 POYDRAS STREET | SUITE 2775 | NEW ORLEANS, LA 70130

TELEPHONE: 504.568.1990 | FACSIMILE: 504.310.9195

ALAN DAVIS                                                                 Direct Dial: (504) 310-9141
*Admitted in Louisiana*                                                    E-mail: adavis@lawla.com

October 5, 2021

**Via Email: rg@richardgormalaw.com**
Richard L. Gorman
Richard Gorman Law
12335 Kingsride Ln. #354
Houston, Texas 77024-4116

      Re:     Improper Offhire Notice – M/V BELLA and Barge 205

Dear Richard:

      We are in receipt of your letter of October 5, 2021 wherein Unico alleges the existence of a latent defect in Barge UMS 205 consisting of "some sort of breach" between the thermal heating system and the cargo system. Unico's notice and unilateral declaration that the UMS 205 is off-hire are improper under the governing charter party and are rejected. The UMS 205 remains on-hire, and charter hire remains past due.

      Clause 7(a) of the charter party provides that latent defect is one "that could not be reasonably discovered during the joint survey set forth in Article 7(c) below" and that "pre-exist[ed] delivery." To the extent there is a problem affecting Barge 205, testing records clearly establish that it arose after delivery of the vessel to Unico. Indeed, as your client well knows, the pre-delivery testing certificates previously provided to Unico (enclosed again for your easy reference) show that on June 14, 2021, an 80 P.S.I nitrogen pressure test was done on the thermal oil system at Caddell Drydock in the presence of U.S. Coast Guard personnel. The nitrogen pressure test did not find any leaks in the system. All tank isolation valves in the thermal oil system were open during this test and the leg of pipping that failed while operated by Unico was included in the test. Had the alleged defect which you describe in your letter existed on June 14, 2021, it would have been discovered during the joint survey through the nitrogen pressure test. The successful pressure test demonstrates that the system was seaworthy and in good working condition at the time of delivery, and that the source of any damage or failure is Unico's misuse or negligent operation of the system. Accordingly, Unico Shipping has no right or ability under the charter party to declare the vessel off-hire, and JMB Shipping has no obligation to perform a repair. Again, the vessel remains on-hire, charter hire remains past due, and any costs of repair and related damages are for Unico's account.

October 5, 2021
Page 2

      As you are aware, in addition to the M/V BELLA and UMS 205, Unico is currently the bareboat charterer of the M/V MORENA and Barge UMS 220, and of the M/V RUBIA and Barge UMS 284. As you are also aware, Unico is in default of its obligation to pay charter hire for both of those ATB units as well, even while the MORENA/UMS 220 is underway with cargo onboard. Unico's default of all three charter parties occurred simultaneously and is obviously not coincidental, making Unico's assertion that its non-payment of charter hire for the UMS 205 is due to a defect of Unico's own creation in bad faith. JMB Shipping has proposed terms to terminate all three charter parties and permit Unico to redeliver all three ATB units, but has received no response. Notwithstanding anything contained herein, JMB Shipping's offer of those terms remains outstanding until 5:00 p.m. EST on October 6, 2021.

      In sum, JMB Shipping rejects Unico off-hire notice and expects either (1) payment of the outstanding charter hire amount or (2) acceptance of JMB Shipping's proposal to wind-down the three charter parties, in either case no later than close of business tomorrow, October 6, 2021.

      We look forward to Unico's prompt response.

                  Best Regards,

                  *s/ Alan R. Davis*

                  Alan R. Davis