# EXHIBIT 8

# Holland & Knight

787 Seventh Avenue, 31st Floor | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

August 8, 2024

*Via E-mail*

Richard Corwin, Chair (dick.corwin@icloud.com)
Louis Sheinbaum (lps@lousheinbaum.com)
George Tsimis (gtsimis@gjtmarine.com)

Re: **LETTER SUBMISSION RE: APPENDICES 1, 2, AND 3 OF UNICO'S REPLY BRIEF DATED JUNE 20, 2024**

Dear Members of the Panel:

We write on behalf of JMB Shipping ATB 284, LLC, JMB Shipping ATB 220, LLC, and JMB Shipping ATB 205, LLC (collectively, "**JMB**") to address arguments concerning the untimely submission of Appendices 1-3 (the "**Appendices**") by Unico Marine Services LLC's ("**Unico**") in its reply brief dated June 20, 2024 ("**Unico's Reply Brief**"). The context of Unico's submission of Appendices 1-3 is as follows:

(a) JMB argued in its post-hearing brief that Unico's dubious and inflated damages claim should be rejected because its argument relies on the speculative exercise of a right to extend the bareboat charter, and in any event because Unico's damages claim is based on unsupported calculations. (JMB Reply Brief at p. 4-5).

(b) Unico countered by arguing it had no duty to exercise its options due to JMB's wrongful arrest, repossession of the ATBs 205 and ATB 220, and termination and repudiation of each charter party by JMB. (Unico's Reply Brief, at p. 12)

(c) Unico also argued that it did "in fact" exercise its option to extend the ATB 205 and ATB 220 charters and speculated it "would have " exercised all of the options and profited handsomely from operating each unit." (Unico Reply Brief at p. 13.)

(d) Appendix 1-2 were offered by Unico to support the purported "in fact" exercise of the option to extend ATB 205 and ATB 220 (Unico Reply Brief at p. 13, fn 3-4); and to offer support for Unico's new argument that it had exercised this option by mail (Unico Reply Brief at p. 32, fn. 9).

(e) Later in its Reply Brief, at p. 49, Unico makes the same argument that Unico did "in fact" exercise the first extension of the bareboat charters and thus "no speculation is required." (Unico's Reply Brief at p. 49-50).

Atlanta | Austin | Birmingham | Boston | Century City | Charlotte | Chattanooga | Chicago | Dallas | Denver | Fort Lauderdale
Houston | Jacksonville | Los Angeles | Miami | Nashville | Newport Beach | New York | Orlando | Philadelphia
Portland | Richmond | San Francisco | Stamford | Tallahassee | Tampa | Tysons | Washington, D.C. | West Palm Beach

August 8, 2024
Page 2

(f) JMB objected to the late submission of the Appendices 1-2 (two (2) November 12, 2022 emails in letter format but unsigned from Riccardo Valentini to Vikas Tandon (and others) purporting to be notice from Unico of its intent to exercise an option to extend the bareboat charters for ATB 205 (Appendix 1) and ATB 220 (Appendix 2). Appendix 1 and 2 each include a previously unproduced automated delivery notice with tracking number (but no indication as to what was delivered or to whom). Unico Marine offered Appendices 1-2 attached to its Reply Brief, after the Panel formally closed the arbitral record, and had previously excluded JMB damages support documents from being accepted as exhibits.

Appendix 3 was offered with Unico's Reply Brief in support Unico's assertion that JMB was obliged to return the rejected late hire payment for the ATB 220 as part of the agreement to release security in May 2022. (Unico Reply Brief at p. 37). The email to the Panel reports on an agreement between Unico and JMB for Unico to release security it held from JMB in exchange for JMB withdrawing its application to the Panel for Unico to post security in the arbitration and releasing security in other litigation pending in federal court. Unico did not negotiate for or obtain any agreement from JMB to release from escrow the late and rejected hire payment from Unico Commodities LLC.

## I. Admission of Appendices attached to Unico's Reply Brief is Untimely, Unreliable and Prejudicial to JMB

The submission of the Appendices as part of Unico's Reply Brief is improper, untimely and prejudicial to JMB. As the Panel is aware, March 18, 2024 was the date agreed for close of evidence. After exchanges with counsel, the Panel allowed documents identified by Unico into the arbitral record beyond the agreed closure of the record. On April 4, 2024, at the request of Unico, the Panel ruled to enforce the closure of the arbitral record by excluding damages supports documents submitted by JMB.

As for the Appendices attached with Unico's Reply Brief, Unico concedes it did not request leave from the Panel to submit the Appendices, nor did it engage counsel to request consent for submission of the untimely documents. Instead, in its final "last word" written submission to the Panel, Unico sought advantage by interjecting the bogus email messages it now says (post-hearings and after closure of the arbitral record) establish "in fact" exercise of an option to extend the bareboat charters. The email transmissions appear to have been typed up by Unico's principal Valentini on November 12, 2021 in unsigned letter format (but notably were not offered during Valentini's testimony before the Panel). This purported notice to extend the bareboat charter was created more than one month after the October 1, 2021 default under the bareboat charters caused by Unico's failure to pay hire when due for both of the ATB 220 and ATB 205, and resulting in repossession and termination of the bareboat charters.

Regardless of the very minimal if any probative value of the Appendices, JMB is prejudiced because the Appendices cannot be tested under oath or against other documents in the record as to (a) when were they created, (b) who was the drafter, (c) whether the document sent

August 8, 2024
Page 3

by USPS was the email of the same date, (d) if so, what was the purpose of sending the notice of extension a full month after termination of the charter, (e) why was the document prepared as an email letter but also purportedly sent by regular mail.

During the hearing, Valentini testified that Unico Marine did not extend the charter parties. Valentini Tr. 752:22-25.( "Q. When did Unico make the decision that it planned to exercise all of its options to extend? A. We really didn't have that time. You guys arrested the vessel.") JMB did not have access to the documents during the arbitration to verify, challenge, credit or discredit the unsworn assertions in the Appendices or in Unico's Reply Brief. The Appendices are inherently unreliable, they contradict positions previously taken by Unico Marine and the testimony of its principal, and should be disregarded by the Panel.

### II. Unico was not in a Position to Exercise the Option to Extend the ATB 205 and ATB 220 Bareboat Charters

The Appendices are offered by Unico to support the "in fact" exercise (as of November 12, 2021) of an option to extend the ATB 205 and ATB 220 bareboat charters. Although Unico characterizes as false JMB's position that the charters were not extended, JMB's argument is not a factual contention, but instead is a legal one regarding the purported dates on which Unico claims to have given notice of the extensions. As the bareboat charters were already terminated by JMB (and the ATBs had been arrested and repossessed), Unico was not in a position to exercise any option to extend the term of the bareboat charters. The ATBs 220 and 205 had been repossessed by JMB for more than a month and both bareboat charters had been conclusively terminated by JMB. In other words, there was nothing for Unico to "in-fact" extend by sending the contrived November 12 emails offered as Appendices 1-2. For the same reason, Unico's reference to JMB Ex. 11 as support for the "in fact" exercise of an option to extend the bareboat charters is unavailing.

Both JMB and Unico accept the position that the bareboat charters were terminated. Any subsequent post-termination attempt to "in-fact" exercise an option is null and void, and simply not available to Unico. Accordingly, the Panel should exclude Unico's submission of the Appendices, along with textual references to Appendices in Unico's Reply Brief at pp. 13, 32 (FN 9), 37, and 49.

Sincerely yours,

HOLLAND & KNIGHT LLP

*Vincent Foley*

Vincent J. Foley

#507088020_v1

August 8, 2024
Page 4

*Attorneys for JMB Shipping ATB 284, LLC,
JMB Shipping ATB 220, LLC, and
JMB Shipping ATB 205, LLC*

cc: Patrick F. Lennon (plennon@lmplaw.net)
    Keith W. Heard (kwh@lmplaw.net)
    Kevin J. Lennon (kjl@lmplaw.net)
    Steven R. Winters (srw@lmplaw.net)

*Attorneys for Unico Marine Services LLC*

#507088020_v1