**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JMB SHIPPING ATB 205, LLC ET AL,** | |
| **Petitioners,** | |
| **-against-** | |
| **UNICO MARINE SERVICES LLC,** | |
| **Respondent.** | |

**1:26-cv-416 (ALC)**

**<u>OPINION & ORDER</u>**

**ANDREW L. CARTER, JR., United States District Judge:**

Petitioners JMB Shipping ATB 205, LLC; JMB Shipping ATB 220, LLC; and JMB Shipping ATB 284 ("JMB"), LLC brought this action to vacate in part the award of damages on ATB 205 and ATB 220 to Respondent Unico Marine Services LLC ("Unico") and to confirm in part the award of 2 Damages on ATB 284 to JMB as reflected in arbitration award dated November 13, 2025 (the "Final Award") in the consolidated arbitration captioned *Unico Marine Services LLC, v. JMB Shipping ATB 205, LLC, JMB Shipping 220, LLC and JMB Shipping ATB 284, LLC*. Respondent filed a cross-motion to confirm the arbitration award in part and vacate it in part. For the reasons that follow, JMB's motion is **DENIED** and Unico's cross-motion to confirm is GRANTED.

## BACKGROUND

Petitioners JMB Shipping ATB 205, LLC; JMB Shipping ATB 220, LLC; and JMB Shipping ATB 284, LLC are tug and barge units ("ATBs"). Declaration of Vincent Foley, Exhibit 1 ("Final Award"), at 2. Respondent Unico Marine Services LLC was formed as a subsidiary of Unico Commodities LLC, which bought, sold, and chartered vessels to deliver them to customers. *Id.* In 2021, Respondent entered into three Bareboat Charters (individually "BC" and collectively the "BCs") for ATBs owned by entities within Bouchard Transportation

1

Company. *Id.* In August 2021, via a Section 363 Bankruptcy Sale, JMB Capital Partners Lending LLC prevailed at auction and ended up taking possession of the vessels. *Id.* Thereafter, JMB Shipping LLC Entities assumed each of the BCs with Respondent. *Id.* Starting in October 2021, various disputes arose between the Parties. *Id.*

The Parties arbitrated the disputes under the three BCs from May 2022 to June 2024. *Id.* at 5-13. There were nineteen hearings with fact and expert witness testimony and introduction of exhibits in support of the Parties' respective claims in arbitration. Petition ¶ 30. The Final Award was made on November 13, 2025.

The Panel held that JMB had not effectively terminated the BCs for ATB 205 and ATB 220, and, as such, the BCs were not terminated and Unico's notice to exercise the first option period of six months was effective to extend the term of the BCs for ATB 205 and ATB 220 by six months. Petition ¶ 32. The Panel majority awarded Unico damages for the five additional unexercised "Additional Option Periods" in Clause 5(c) of the BCs for ATB 205 and ATB 220, finding that Unico "would have exercised" these options but for JMB's repossession of the Vessels. *Id.* ¶ 33. The Panel found Unico liable to JMB Shipping ATB 284 LLC for damages of $512,112.00 for its early redelivery and breach of the bareboat charter. *Id.* ¶ 34.

Petitioner brought this Petition to Vacate in Part the Arbitration Award of Damages to Unico and to Confirm Award of Damages to JMB on January 16, 2026. ECF No. 1. On February 6, 2026, Respondent filed a Cross-Petition to Confirm the Arbitration Award in Part and to Vacate the Award in Part. ECF No. 15. On February 27, 2026, Petitioner filed an Opposition to Respondent's Cross-Petition. ECF No. 19. On March 6, 2026, Respondent filed a Reply. ECF No. 20.

## LEGAL STANDARD

### I. Standard for Motion to Vacate Arbitration Award

"It is well established that courts must grant an arbitration Panel's decision great deference." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003); *see also Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013). The Federal Arbitration Act ("FAA") creates a "strong presumption in favor of enforcing arbitration awards." *EB Safe, LLC v. Hurley*, 832 F. App'x 705, 707 (2d Cir. 2020). "The arbitrator's rationale for an award need not be explained," and "[o]nly a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (internal quotation marks and citations omitted). Where "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law [. . .] a court must grant an order to confirm an arbitration award upon the timely application of a party." *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Galway Dev. Corp.,* 2019 U.S. Dist. LEXIS 62087 (S.D.N.Y. Apr. 10, 2019), at *5 (quoting *Herrenknecht Corp. v. Best Rd. Boring*, No. 06 Civ. 5106 (JFK), 2007 U.S. Dist. LEXIS 28495, 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007)).

A party seeking to vacate an arbitration award must meet a high burden of proof. *Kolel*, 729 F.3d at 102; *see also Tully Constr. Co. v. Canam Steel Corp.*, 684 F. App'x 24, 26 (2d Cir. 2017). The FAA "only allows for vacatur in four circumstances: (1) the arbitral award 'was procured by corruption, fraud, or undue means;' (2) 'there was evident partiality or corruption in the arbitrators;' (3) 'the arbitrators were guilty of misconduct ... by which the rights of any party have been prejudiced;' (4) 'the arbitrators exceeded their powers, or so imperfectly executed

3

them that a mutual, final, and definite award upon the subject matter submitted was not made.'"
*EB Safe, LLC v. Hurley*, 2018 U.S. Dist. LEXIS 82034, *5 (S.D.N.Y. May 15, 2018) (citing 9
U.S.C. § 10(a)).

In addition to the four statutory bases for vacatur, the Second Circuit has held that vacatur
may also be granted if "an arbitral award that exhibits a 'manifest disregard of law.'" *Duferco*,
333 F.3d at 388 (citing *Goldman v. Architectural Iron. Co.*, 306 F.3d 1214, 1216 (2d Cir. 2002));
*Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 208 (2d Cir. 2002) (same). Review
under the manifest disregard standard is "highly deferential" to the arbitrators, and relief on such
a claim is therefore "rare." *STMicroelectronics, N. V. v. Credit Suisse Sec. (USA) LLC*, 648 F.3d
68, 78 (2d Cir. 2011) (citing *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133,
138 (2d Cir. 2007)). A court can vacate an arbitral award for manifest disregard of the law only if
(1) "the governing law alleged to have been ignored by the arbitrators was well defined, explicit,
and clearly applicable," and (2) "the arbitrator knew about the existence of a clearly governing
legal principle but decided to ignore it or pay no attention to it." *Jock v. Sterling Jewelers Inc.*,
646 F.3d 113, 122 (2d Cir. 2011) (internal quotations omitted); *Wallace v. Buttar*, 378 F.3d 182,
189 (2d Cir. 2004). "It is well-established that the 'manifest disregard' doctrine is one of 'last
resort' and is limited 'only to those exceedingly rare instances where some egregious
impropriety on the part of the arbitrator is apparent.'" *J&J Empire Express, Inc. v. FedEx
Ground Package Sys., Inc.*, 2025 U.S. Dist. LEXIS 67676, *5 (S.D.N.Y. April 9, 2025) (citing
*Jefferies LLC v. Gegenheimer*, 849 F. App'x 16, 17 (2d Cir. 2021) (quoting *Duferco*, 333 F.3d at
389)). Given the strong deference to arbitration outcomes, manifest disregard requires a showing
beyond "a mistake of law or a clear error in fact finding." *EB Safe, LLC*, 832 F. App'x at 707.

4

**DISCUSSION**

**I.      JMB's Arguments in Support of Vacatur**

As discussed in greater detail below, JMB fails to allege a statutory basis for vacatur.

Therefore, JMB's Motion is **DENIED**.

JMB sets forth five main arguments for vacatur: that (1) the arbitrators exceeded their

authority in awarding damages for unexercised contractual option periods, (2) there was no valid

contract governing the extension periods, (3) there was manifest disregard of the law, (4) the

panel demonstrated bias and impartiality, and (5) the panel's award will have serious and adverse

public policy consequences.

**A.  The arbitrators did not exceed their authority.**

"Objections to an award on the grounds that the arbitrators exceeded their authority are

narrowly applied, and the focus of the judicial inquiry is 'whether the arbitrators had the power,

based on the parties' submissions or the arbitration agreement, to reach a certain issue, not

whether the arbitrators correctly decided that issue.'" *A&A Maint. Enter., Inc. v. Ramnarain*, 982

F.3d 864, 868-69 (2d Cir. 2020) (emphasis in original) (quoting *Jock v. Sterling Jewelers Inc.*,

646 F.3d 113, 122 (2d Cir. 2011)). "[I]n considering a [§] 10([a])(4) challenge, 'the principal

question for the reviewing court is whether the arbitrator's award draws its essence' from the

agreement to arbitrate, 'since the arbitrator is not free merely to dispense his own brand of

industrial justice.'" *ReliaStar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co.*, 564 F.3d 81, 85 (2d

Cir. 2009) (alteration adopted) (citation omitted).

"[A]n arbitrator may exceed [his] authority by, first, considering issues beyond those the

parties have submitted for [his] consideration, or, second, reaching issues clearly prohibited by

law or by the terms of the parties' agreement." *Jock*, 646 F.3d at 122. "The scope of authority of

arbitrators generally depends on the intention of the parties to an arbitration[ ] and is determined by the agreement or submission." *Loc. 1199, Drug, Hosp. & Health Care Emps. Union, RWDSU, AFL-CIO v. Brooks Drug Co.,* 956 F.2d 22, 25 (2d Cir. 1992) (alteration adopted) (internal quotation marks and citations omitted). An arbitrator acted within his authority "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority[.]" *Jock*, 646 F.3d at 122 (internal quotation marks omitted) (quoting *ReliaStar Life Ins. Co. of N.Y.*, 564 F.3d at 86).

JMB argues that majority of the arbitration panel exceeded their majority by disregarding the unambiguous contractual requirements to provide written notice of intent to exercise the option periods 2-6 for ATB 2-5 and ATB 220. JMB takes issue with the majority's statement that "it [is] unrealistic to expect, much less require, Unico to provide notices to exercise options 2 through 6 to recover damages for the option periods." Final Award at 70. JMB argues that the majority panel substituted its own notions of fairness for the Parties' negotiated terms. The quoted language JMB cites from the majority panel supports their position, but it is not the full story.

First, the majority was working with a broad arbitration clause, which allowed for arbitration of "any controversy, claim, dispute, or demand arising out of this Agreement" under the Society of Maritime Arbitrators ("SMA") rules. This broad clause allowed the majority to interpret the contractual option periods and conclude that while Unico did not provide written notice for periods 2-6, it was not required to as a predicate for damages. The majority found that JMB wrongfully terminated Bareboat Charters, and repossessed and re-chartered the Vessels to a third party, precluding JMB from relying on the notice condition. Further supporting that the majority took time to carefully analyze the provisions outlining the option periods is the Partial Dissent, which concluded that the lost profits should have been limited to the base term and the first

6

exercised option period. *See* Final Award at 82–84. The fact that there was a Partial Dissent is evidence that the panel was engaging in contract construction, which is within its authority and not dispensing of its own "brand of industrial justice." *See, e.g., ReliaStar Life Ins. Co.*, 564 F.3d at 86 (quoting *187 Concourse Assocs. v. Fishman*, 399 F.3d 524, 527 (2d Cir. 2005)).

### B. JMB's "no contract" argument is invalid because it challenges the award's merits.

JMB argues that, because the options periods were not exercised by Unico, the BCs' expired at the end of the then existing term, and no contract existed for subsequent periods.  In support, JMB relies on the dissent by Arbitrator Tsimis. However, as already discussed, the Court must examine whether the panel exceeded its authority, not the merits of the award decision. *See Banco de Seguros del Estado v. Mut. Marine Off., Inc.*, 344 F.3d 255, 262 (2d Cir. 2003) ("Our inquiry focuses on whether the arbitrators had the power based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue.") (internal citations omitted). The Court has already found that the arbitrators did not exceed their authority in interpreting the contracts, so the Court similarly rejects this argument from JMB.

### C. The award does not involve manifest disregard for the law.

Third, JMB argues that the arbitration panel manifestly disregarded the law because it disregarded the plain and unambiguous language of the Parties' contract and speculated about whether the contract would have been extended. "A litigant seeking to vacate an arbitration award based on alleged manifest disregard of the law bears a heavy burden, as awards are vacated on grounds of manifest disregard only in those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent." *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010) (internal citations omitted). "That

7

impropriety has been interpreted clearly to mean more than error or misunderstanding with respect to the law, or an arguable difference regarding the meaning or applicability of laws urged upon an arbitrator. With respect to contract interpretation, this standard essentially bars review of whether an arbitrator misconstrued a contract." *Id*. (internal citations omitted).

JMB argues that manifest disregard occurred when the panel did not enforce the written notice provision against Unico. However, JMB provides no relevant Second Circuit case law and simply repackages its first and second arguments that this Court has already rejected. JMB has failed to outline what legal principle the panel clearly violated. The panel did analyze settled principles of New York state law to determine that contractual conditions are rendered inoperative by a counterparty's breach, expressly finding that JMB's termination, repossession, and re-chartering "eliminated any possibility" of continued performance and made it "unrealistic to expect, much less require," Unico to provide further option notices. *See* Final Award at 69–72.

Similar to JMB's second argument, the assertion that the panel speculated about whether contracts would be extended goes to the merits of the panel's decision and does not constitute manifest disregard of the law. None of the cases that JMB cites in support of its assertion that "courts reject damages based on the assumption that a party would have exercised an unexercised contractual option" (Opposition to Unico's Cross Petition to Confirm ("JMB Opp.") at 20) involve arbitration. Therefore, the Court does not apply them and finds that JMB has failed to carry out its burden to demonstrate manifest disregard.

## D. There was no evident partiality.

JMB argues that the panel was evidently partial in favor of Unico. The FAA allows for vacature "where there was evident partiality or corruption in the arbitrators, or either of them." 9 U.S.C. § 10(a)(2). In order to find evident partiality, "a reasonable person would have to

conclude that an arbitrator was partial to one party to the arbitration. The party challenging the award must prove the existence of evident partiality by clear and convincing evidence." *Certain Underwriting Members of Lloyds of London v. Fla., Dep't of Fin. Servs*., 892 F.3d 501, 505 (2d Cir. 2018) (internal citations omitted). Here, JMB does not provide evidence of impartiality beyond its conclusory assertion that the panel treated JMB disparately when it interpreted the contractual provisions against them. Courts in this Circuit find evident impartiality, for instance, when there the arbitrators have undisclosed relationships that could present material conflicts. *See Lucent Techs. Inc. v. Tatung Co.,* 379 F.3d 24, 28 (2d Cir. 2004). JMB does not assert this or any other evidence of partiality. Therefore, the Court rejects this argument.

### E. Public policy does not favor vacating the panel's award.

Finally, JMB argues that if the award remains undisturbed, there would be consequences for public policy. In support, JMB cites to *United Paperworkers Int'l Union v. Misco, Inc.*, a Supreme Court case in which Justice Brennan cautioned that courts overriding an arbitrator's decision on public policy grounds need to explain how the public policy is "well defined and dominant, and is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests," 484 U.S. 29, 43 (1987) (internal citations omitted). JMB asserts that the majority panel's decision to interpret the contract in favor of Unico goes against public policy without actually identifying what policy has been violated. The Court rejects JMB's argument and holds that vacature is not warranted.

### CONCLUSION

For the foregoing reasons, JMB's motion to vacate the arbitration award is **DENIED.** Unico's cross-motion to confirm the award is **GRANTED.** Additionally, while not in dispute, the Court confirms the ATB 284 award.

The Clerk of Court is respectfully directed to terminate the pending motions at ECF Nos. 3 and 18.

**SO ORDERED**

**Dated: June 30, 2026**
**New York, New York**

_____

**ANDREW L. CARTER, JR.**
**United States District Judge**